UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In HENRY CORDOVA LAWAG. | Case No. 22-cv-04879-HSG

**ORDER OF DISMISSAL**

Plaintiff, an inmate housed at Valley State Prison, has filed this *pro se* action. His complaint (Dkt. No. 8) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Procedural History**

On August 25, 2022, the Court received a complaint form from Plaintiff that had Plaintiff's information filled in under "Plaintiff" and was signed by Plaintiff. However, the complaint was otherwise blank. Dkt. No. 1. Plaintiff also submitted a letter stating that he wished to file a case for "relief of confinement and reward benefits" and to "redeem the Bond." Dkt. No. 2. Because these two documents indicated an intent to file an action in this court, the Court opened an action that same day and sent Plaintiff forms indicating that his action was deficient because his complaint form was blank and because he had failed to either file an application to proceed *in forma pauperis* or pay the filing fee. Dkt. Nos. 3, 5.

On September 15, 2022, Plaintiff filed a complaint. Dkt. No. 8 ("Compl.").[1] In the complaint, Plaintiff lists himself and his daughter, Michelle A. Lawag, as plaintiffs. Compl. at 1-2. Ms. Lawag has not signed the complaint and there is no indication that she has consented to bring this action or is aware of this action. In Section 3 of the form complaint, the Statement of Claim, Plaintiff writes, "Later that day 4-14-2015 I was alone in her apartment I heard knocking on the door it was two cops and he said your (sic) under arrest." Compl. at 2. In Section 4 of the form complaint, Relief, Plaintiff writes, "I accept your charge for value and consideration in return for post settlement and closure of the account." Compl. at 3.

---

[1] Plaintiff submitted two copies of his complaint. One copy is docketed at Dkt. No. 8 and the other copy is docketed at Dkt. No. 8-1. The complaints are identical except that Dkt. No. 8-1 also lists Plaintiff's social security number. Dkt. No. 8-1 at 3.

1    Plaintiff has also filed three letters with the Court. Dkt. Nos. 6, 7, 9. Dkt. No. 6 asks
2  whether he is required to sign the magistrate judge consent form and includes an unsigned consent
3  form. Dkt. No. 6. Dkt. No. 7 expresses misgivings about proceeding in this action and informs
4  the Court that Plaintiff has a petition pending in the Santa Maria division of the Santa Barbara
5  Superior Court and that he is awaiting a Cal. Penal Code § 1170.91(b) re-sentencing hearing. Dkt.
6  No. 7. Dkt. No. 9 is titled "For IV Statement of Claim," and appears to seek to add details to the
7  complaint. In Dkt. No. 9, Plaintiff alleges that his public defender was a bad lawyer; that he did
8  not molest his granddaughters, that he only pleaded guilty to child molestation because his
9  daughter Michelle wanted him to; that Michelle wishes to contact him but is unable to do so; and
10 that he seeks early release, and freedom and compensation for his mental health and his image
11 being ruined. Dkt. No. 9.

**C.     Dismissal with Prejudice**

This action is dismissed because Plaintiff has not alleged a violation of the federal Constitution or federal law, as required to state a claim under 42 U.S.C. § 1983.[2] *See West*, 487 U.S. at 48.

This dismissal is with prejudice for the following reason. According to letters filed by Plaintiff, Plaintiff seeks early or immediate release. In other words, Plaintiff is challenging his conviction or the length of his confinement. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). If Plaintiff is seeking either early or immediate release, he must seek such relief in a petition for a writ of habeas corpus. This action is DISMISSED with prejudice because this deficiency could not possibly be cured by allegations of other facts. *See*

---

[2] The complaint also suffers from the following deficiencies. The complaint fails to name a defendant and is incomprehensible, consisting of two sentences and referring to an unidentified account and charges.

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegations of other facts).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. The Clerk is directed to send Plaintiff two copies of the Court's form petition for a writ of habeas corpus. The Clerk shall terminate all pending motions as moot, enter judgment in favor of Defendant and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 10/13/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge